UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALMA LORENA TORRES FERRERA,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, Warden of the Northwest ICE Processing Center, and ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security,<br><br>Respondents. | CASE NO. 2:26-cv-00583-TL<br><br>ORDER ON EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter is before the Court on Petitioner Alma Lorena Torres Ferrera's Emergency Motion for Temporary Restraining Order ("TRO"). Dkt. No. 7. Having reviewed the motion, the response filed by Respondent Secretary of the Department of Homeland Security ("DHS") (Dkt. No. 10), and the relevant record, the Court DENIES the motion.[1] [2]

---

[1] Where used in the singular, the term "Respondent" includes only the Secretary of the Department of Homeland Security. Respondent Scott has not responded to the habeas petition and has not appeared in this case.

[2] Petitioner also filed a reply in support of her TRO motion. Dkt. No. 11. In this District, however, "[r]eply briefs to TRO motions are not permitted without leave of the Court." *Guangzhou Chaoyan Tech. Co. v. Anker Innovations*

ORDER ON EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER – 1

I. **BACKGROUND**

On February 18, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus ("habeas petition"). Dkt. No. 1. Respondent filed a response on March 5, 2026. Dkt. No. 6. The facts recounted herein include allegations from the habeas petition and judicially noticeable procedural facts evidenced by immigration records filed as attachments to Respondent's return memorandum in opposition to the Habeas Petition. *See* Dkt. Nos. 6-1–612.

Petitioner is a citizen and national of Honduras. However, she has lived in the United States for most of the last 20 years and has five U.S. citizen children. Petitioner first entered the United States without inspection in 2005 or 2006. In 2009, she was ordered removed and was removed to Honduras. In 2010, she reentered the United States without inspection. In 2019, she was encountered by Immigration and Customs Enforcement ("ICE") and was processed for reinstatement of removal under 8 U.S.C. § 1231(a)(5). Petitioner expressed a fear of returning to Honduras but was not given a credible fear interview at that time. She was released on an Order of Supervision ("OSUP"). Petitioner remained in the United Status under the conditions of her OSUP for the next seven years, checking in with DHS periodically as required.

On January 27, 2026, Petitioner was arrested while reporting to DHS as required under her OSUP. The OSUP was revoked, and Petitioner was taken into custody at the Northwest ICE Processing Center ("NWIPC"). On February 17, 2026, an asylum officer interviewed Petitioner and concluded that she did not have a credible fear of persecution or torture if returned to Honduras. Petitioner filed her habeas petition the next day. On February 25, 2026, an Immigration Judge affirmed the asylum officer's determination upon de novo review.

On March 4, 2026, at 12:34 p.m., Petitioner's counsel received an email from opposing

---

*Ltd.*, No. C25-2635, 2026 WL 25240, at *1 (W.D. Wash. Jan. 5, 2026) (citing LCR 65(b)(5)). As Plaintiff neither requested nor received leave to file a reply, this filing was improper, and the Court did not consider it.

counsel that Petitioner's removal to Honduras was imminent. In compliance with the scheduling order entered in this case pursuant to General Order 10-25 (*see* Dkt. No. 2 ¶ 3), this email gave 48 hours' notice before Petitioner's removal might be executed.[3] Two days later, on March 6, 2026, at 12:00 p.m., Petitioner filed the instant motion for TRO. Dkt. No. 7. Respondent filed a response the next day. Dkt. No. 10. As of the date of this Order, it is unknown to the Court whether Petitioner remains at NWIPC or has already been removed.[4]

## II.    LEGAL STANDARD

"Temporary restraining orders . . . are governed by the same standard applicable to preliminary injunctions." *Kathrens v. Zinke*, 323 F. Supp. 3d 1142, 1148 (D. Mont. 2018) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832 n.7 (9th Cir. 2001)). A TRO, like a preliminary injunction, is an extraordinary remedy that is "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

> To obtain a preliminary injunction, a plaintiff must establish that
> (1) it is likely to prevail on the merits of its substantive claims,
> (2) it is likely to suffer imminent, irreparable harm absent an injunction, (3) the balance of equities favors an injunction, and
> (4) an injunction is in the public interest.

*All. for the Wild Rockies v. Petrick*, 68 F.4th 475, 490 (9th Cir. 2023) (citing *Winter*, 555 U.S. at 20, 22–23). Ninth Circuit courts evaluate these factors on a "sliding scale"—that is, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a

---

[3] General Order 10-25 was entered on December 18, 2025, after consultation and cooperation of various stakeholders, including the U.S. Attorney's Office, the Federal Defender's Office, and the Northwest Immigrant Rights Project. It can be found at https://www.wawd.uscourts.gov/sites/wawd/files/General%20Order%2010-25%20re%20Immigration%20Habeas.1.pdf.

[4] General Order 10-25 requires Respondents to provide 48 hours of advance notice before a petitioner-detainee is transferred or removed so that, if necessary, the petitioner or their counsel can move for emergency *and the court can rule* before such removal or transfer becomes possible. Here, counsel filed the motion for TRO 47 hours and 26 minutes after Respondent provided notice of removal, making it all but impossible for the Court to rule within the 48-hour period.

ORDER ON EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER – 3

likelihood of irreparable injury and the injunction is in the public interest." *Arc of Cal. v. Douglas*, 757 F.3d 975, 983 (9th Cir. 2014) (citation modified). "The 'serious questions' standard permits a district court to grant a preliminary injunction in situations where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims, but where the costs outweigh the benefits of not granting the injunction." *Kathrens*, 323 F. Supp. 3d at 1149 (citing *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). "Where the government is a party to a case in which a preliminary injunction is sought, the balance of the equities and public interest factors merge." *Roman v. Wolf*, 977 F.3d 935, 940–41 (9th Cir. 2020).

### III.  DISCUSSION

Petitioner does not address the first factor under *Winter*: whether she is likely to succeed on the merits of her habeas petition. *See generally* Dkt. No. 7.

"The first factor 'is a threshold inquiry and is the most important factor.'" *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "Thus, a 'court need not consider the other factors' if a movant fails to show a likelihood of success on the merits." *Id.* (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)).

Here, there is no basis for the Court to find that Petitioner has shown a likelihood of success on the merits of her habeas petition or identified a serious question going to the merits of the petition. First, again, Petitioner did not address this "most important factor" at all in her motion for TRO. Second, the habeas petition itself does not articulate a clear basis on which the Court could find that Petitioner's detention is illegal. On the uncontested facts, Petitioner has a valid final order of removal; she is detained for the lawful purpose of executing that order; her present detention is not prolonged, having lasted less than two months (and less than two weeks

since the Immigration Judge denied her request for withholding of removal); and her removal is imminent. While Petitioner's personal situation is sympathetic and highly compelling, neither her family responsibilities, her survival of domestic violence, nor her pending T-Visa application render her otherwise valid detention unlawful or give this Court any authority to intercede to order her release or postpone her removal. Petitioner's conclusory allegations that her detention "is not reasonably related to removal objectives" (Dkt. No. 1 at 5), "persists without adequate procedural safeguards" (*id.* at 6), and has been "without meaningful custody review, in violation of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment" (*id.* at 1–2) do not, without more, give the Court a basis upon which to grant the habeas petition.[5]

Because Petitioner has not met her burden to show a likelihood of success or a serious question going to the merits of her habeas petition, the Court cannot grant the extraordinary remedy of a TRO.

## IV.   CONCLUSION

Accordingly, the Motion for Temporary Restraining Order (Dkt. No. 7) is DENIED.

Dated this 9th day of March, 2026.

Tana Lin
United States District Judge

---

[5] The Court acknowledges that the habeas petition is not fully briefed and maintains an open mind as to its ultimate disposition. The Court is aware that Petitioner's traverse may be her first opportunity to address any material facts contained in her immigration records that were unavailable to Petitioner and her counsel at the time the habeas petition was filed (but were since filed by Respondent in support of Respondent's return memorandum).